HORTON, Chief Judge.
The defendant hotel corporation has appealed from a judgment in the total sum of $122,967.51, found to be due and owing by the defendant to the plaintiffs upon certain debentures issued by defendants. The final judgment entered in a non-jury trial recites in part as follows:
“This Cause came on to be heard upon the Complaint of the plaintiffs, ■ Abraham Rosenberg, Louis Silver, Samuel Jacobs and Sam Shernov, as Trustees of Star Liquors Employees’ Pension Fund, to compel the defendant, Fontainebleau Hotel Corp., a Florida corporation, to pay to said plaintiffs the principal sum of $75,000.00, together with interest since August 30, 1954, alleged to be due pursuant to the terms and provisions of Debenture No. 16, ,of the First Serial Debentures issued by Fontainebleau Hotel Corp., and the complaint of Jack Cohen, as Trustee of Star Liquors Employees’ Profit-Sharing Fund, to compel the defendant, Fontainebleau Hotel Corp., to pay to said plaintiff the principal sum of $10,000.00, together with interest since August 13, 1954, alleged to be due pursuant to the terms and provisions of Debenture No. 4 of the First Serial Debentures issued by Fontainebleau Plotel Corp., and the Motion to Dismiss (ruling upon which was reserved), and the Answer of the'defendant. That under the terms of said debentures and the evidence taken before the Court, the Court finds that the said plaintiffs are entitled to the full relief which they seek in their complaint, and they are entitled to recover from the defendant the principal sums of said Debentures No. 4 and 16, together with interest and attorneys’ fees.”
The debentures in question provide:
“The holders of debentures in this series shall be entitled to payment upon the occasion of dissolution of this corporation, or upon the occasion of a distribution of its assets, or upon the occasion of a reduction in its capital accotmt, * * [Emphasis supplied.]
Pursuant to a contract with the Kirkeby Corporation, the hotel corporation purchased and retired to its treasury, certain of its stock held by the Kirkeby Corporation. The funds necessary for this purchase were secured by the issuance of a mortgage on the
*677 defendant’s real property. The appellees, holders of the debentures in question, contended that the issuance. of this mortgage and purchase of stock by the hotel corporation amounted to a reduction in the capital account of the corporation thereby entitling them, under the terms of the debentures, to payment.
The determinative question raised upon appeal is whether or not the plaintiffs sustained the burden of proof of necessary conditions precedent to establish a reduction in the capital account of the corporation. In support thereof, the appellant argues that in order to determine if the giving of the mortgage constituted a reduction in capital, it is necessary to determine the status of the capital account as of the date of the issuance of the debentures, and that this has not been established.
In construing the terms of the debenture created by the hotel corporation, any doubt or ambiguity must be construed against it. 19 C.J.S. Corporations § 1153.
Both parties assert that the term “capital account” used in the debenture covenant must be construed as meaning the sum total of a corporation’s assets over its liabilities. The appellant necessarily contends that the “capital account” is limited to that capital account of the corporation at the time the debenture was executed. It is apparent that the covenant in question, contained in the debenture, is to continue in effect for the life of the debenture, and at no time prior to their retirement, may the corporation occasion a reduction in its capital account. The natural meaning of this covenant would appear to be that no reduction was to be permitted regardless of the amount of the capital account, without entitling the debenture holder to payment. There is nothing in the language of the debenture to indicate an intention to limit the scope of the covenant to the capital account of the corporation at the time the debenture was executed. Compare Chase National Bank of New York v. Sweezy,
Sup., 281 N.Y.S. 487, affirmed 261 N.Y. 710, 185 N.E. 803.
Undoubtedly, the appellees were justified in refusing to do any financing unless they were secured by the appellant’s covenant not to reduce capital. For similar covenants, see 3a Fletcher, Corporations, Rev. Ed.1958, § 2854, p. 251.
Since the judgment entered by the trial court appears to have been based upon a construction of the debenture covenant and the appellant has not demonstrated on this appeal that this construction was in error, the judgment should be affirmed. Limar Realty Corporation v. Cain & Bultman, Inc., Fla.App.1958, 104 So.2d 54, and cases cited therein. However, our analysis leads us to the same conclusion as that reached by the trial court.
Accordingly, the judgment appealed is affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.